NOT FOR PUBLICATION

FILED

JAN 27 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

LUCENE BECHIRIAN; RAFFI
ATASHIAN,

Plaintiffs-Appellants,

v.

ANTONY BLINKEN, as Secretary of
State; UR M. JADDOU, Director of U.S.
Citizenship and Immigration Services;
MERRICK B. GARLAND, Attorney
General; ALEJANDRO MAYORKAS, as
Secretary of Department of Homeland
Security; UNITED STATES
DEPARTMENT OF STATE; UNITED
STATES DEPARTMENT OF JUSTICE;
U.S. DEPARTMENT OF HOMELAND
SECURITY; UNITED STATES
CITIZENSHIP AND IMMIGRATION
SERVICES; JANE DOE, Consular Officer
of United States Embassy, Lebanon;
UNITED STATES EMBASSY,
LEBANON,

Defendants-Appellees.

No.    20-55913

D.C. No.
2:20-cv-01718-PSG-JEM

MEMORANDUM[*]

Appeal from the United States District Court

---

[*]       This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

for the Central District of California
Philip S. Gutierrez, Chief District Judge, Presiding

Argued and Submitted January 13, 2022
Pasadena, California

Before: RAWLINSON and WATFORD, Circuit Judges, and RAKOFF,** District Judge.

Lucene Bechirian (Bechirian) appeals the district court's dismissal of her complaint alleging that a consular officer of the United States Department of State improperly denied the visa application of her noncitizen fiancé, Raffi Atashian (Atashian). Bechirian specifically contends that the district court erred in holding that her claims were barred under the doctrine of consular nonreviewability. Bechirian further asserts that, because U.S. Citizenship and Immigration Services (USCIS) terminated her petition after four months, she was deprived of a property interest in approval of her petition and her fundamental right to marry in violation of her due process rights.

The district court properly dismissed Bechirian's due process claims under the doctrine of consular nonreviewability.[1] The doctrine of consular

---

** The Honorable Jed S. Rakoff, United States District Judge for the Southern District of New York, sitting by designation.

[1] Bechirian limits her appeal to the district court's dismissal of her due process claims, and does not challenge the district court's dismissal of her other claims.

nonreviewability bars review of the denial of a noncitizen's visa application when "the consular officer cited an admissibility statute that specifies discrete factual predicates the consular officer must find to exist before denying a visa or . . . alternatively, there is a fact in the record that provides at least a facial connection to the statutory ground of inadmissibility." *Khachatryan v. Blinken*, 4 F.4th 841, 851 (9th Cir. 2021) (citation, alteration, and internal quotation marks omitted).

In denying Atashian's visa application, the consular officer cited to 8 U.S.C. § 1201(g),[2] which "specifies discrete factual predicates the consular officer must find to exist before denying a visa." *Khachatryan*, 4 F.4th at 851 (citation omitted); *see also* 8 U.S.C. § 1201(g); *Allen v. Milas*, 896 F.3d 1094, 1107 (9th Cir. 2018) (recognizing that 8 U.S.C. § 1201(g) "instructs" a consular officer "not to issue a visa if the officer knows or has reason to believe that such [noncitizen] is ineligible to receive a visa under any provision of law") (citation, footnote reference, and internal quotation marks omitted). Even if citation to § 1201(g) standing alone was insufficient, the consular officer also determined that Atashian "failed to provide proof of a credible relationship" with Bechirian. Based on the consular officer's reliance on facially valid statutory and factual bases for denying

---

[2]  8 U.S.C. § 1201(g) is § 221(g) of the Immigration and Nationality Act cited by the consular officer. *See Ibrahim v. U.S. Dept. of Homeland Sec.*, 912 F.3d 1147, 1160 (9th Cir. 2019) (en banc).

Atashian's visa application, dismissal of Bechirian's due process claims was warranted. *See Khachatryan*, 4 F.4th at 851.

Bechirian is unable to avoid application of the doctrine of consular nonreviewability based on her assertion of independent due process violations relating to USCIS' termination of her petition. Bechirian does not establish that she has a property interest in USCIS' approval of her petition, particularly as the Department of State, not USCIS, is responsible for approving a noncitizen's visa application. *See* 8 U.S.C. § 1202(h)(1) (providing that "the *Secretary of State* shall require every [noncitizen] applying for a nonimmigrant visa – (1) who is at least 14 years of age and not more than 79 years of age to submit to an in person interview with a consular officer") (emphasis added).

Approval of an I-129 fiancé petition is "valid for a period of four months." 8 C.F.R. § 214.2(k)(5). Bechirian does not demonstrate that her due process rights were violated due to this regulatory limitation, or that she otherwise had a fundamental right to marry a noncitizen in the United States.[3] As a result, the

---

[3] Contrary to Bechirian's argument, our decision in *Ching v. Mayorkas*, 725 F.3d 1149 (9th Cir. 2013) does not support the due process interest that she asserts. In *Ching*, we did not recognize a fundamental right to marry a noncitizen in the United States. Instead, we acknowledged that the plaintiff "face[d] imminent removal from the United States, thus undoubtedly causing immense hardship to herself and *her husband*." *Id.* at 1157 (emphasis added).

doctrine of consular nonreviewability entirely bars Bechirian's challenge to the consular officer's decision, and any amendment of her complaint "would have been futile." *Doe v. Garland*, 17 F.4th 941, 950 (9th Cir. 2021).

**AFFIRMED.**